# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| ROBERT A. PILAND, JR. and<br>TERRY L. PILAND,<br><br>  Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, NATIONAL<br>ASSOCIATION, a corporation;<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.:<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, and for Plaintiff's Complaint against the Defendant states as follows:

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]) by the Defendant and its agents in its illegal efforts to collect a consumer debt from Plaintiff.

## JURISDICTION

2. Personal jurisdiction exists over Defendant as it has the necessary minimum contacts with the State of Alabama and this suit arises out of its specific conduct with Plaintiff in Alabama. All the actions described in this suit occurred in Alabama.

3. Subject matter jurisdiction exists under federal question jurisdiction (28 U.S.C. Section 1331).

## VENUE

4. Venue is proper as Defendant does business in this judicial district.

## PARTIES

5. Plaintiff Robert A. Piland, Jr. (hereinafter "Plaintiff") is a natural person who is a resident of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Plaintiff Terry L. Piland (hereinafter "Plaintiff") is a natural person who is a resident of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. The Defendant Bank of America, National Association ("BOA") is a foreign mortgage servicing company which allegedly owned, serviced, or was otherwise involved in the mortgage loan of Plaintiffs. The principal place of business of BOA is in North Carolina and BOA is incorporated outside of Alabama.

## RECOGNITION BY CONGRESS OF THE WIDESPREAD ABUSE BY COLLECTORS

8. Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors.

9. Congress recognized that there are four social ills caused by abusive debt collection: (1) Unnecessary personal bankruptcies; (2) Marital instability; (3) Loss of jobs; and (4) Invasions of individual privacy.

10. Congress also found that it is fundamentally unfair for the abusive collection agencies to have an unfair competitive advantage over those honorable debt collectors that decide to obey the law and follow the rules.

11. 15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

   (a)   There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**
   (b)   Existing laws and procedures for redressing these injuries are inadequate to protect consumers.
   (c)   **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts.**
   (d)   Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.
   (e)   It is the **purpose** of this title to **eliminate abusive debt collection practices** by debt collectors, to **insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged**, and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

3

## FACTUAL ALLEGATIONS AGAINST BANK OF AMERICA

12. Defendant BOA began servicing the mortgage loan of Plaintiffs.

13. At the time Defendant BOA began servicing the loan, the loan was allegedly in default.

14. Defendant BOA as part of its regular course of business services the loans owned by another entity and many of these loans are in default at the time Defendant BOA receives the servicing rights.

15. Defendant BOA identified itself to Plaintiffs as a debt collector and its communications with Plaintiffs as "attempts to collect" the mortgage debt.

16. Plaintiffs attempted on numerous times in 2013 and into 2014 to modify their loan to address a loss of income suffered by Plaintiffs.

17. Defendant BOA repeatedly lost, misplaced, or claimed to need the identical documents from Plaintiffs.

18. In the course of these modification proceedings, the home was scheduled for a foreclosure on May 19, 2014.

19. Plaintiffs specifically asked Defendant BOA in April (on at least one occasion) if the foreclosure sale of May 19, 2014, would occur as the parties were negotiating a loan modification.

20. Defendant BOA said the foreclosure would not occur on May 19, 2014.

21. This was a false representation and it also concerned the character, nature and status of the loan.

22. All actions took by Defendant BOA were designed to help Defendant BOA collect the debt allegedly owed.

23. In the course of the debt collection activities by Defendant BOA, Plaintiffs believed this representation of Defendant BOA that there was no foreclosure on May 19, 2014.

24. Had Plaintiffs known that this representation was untrue, they would have taken other steps to prevent a foreclosure, such as filing bankruptcy.

25. Despite the promise by Defendant BOA that the foreclosure on May 19, 2014, would not occur, and thus having no right to foreclose on May 19, 2014, Defendant BOA foreclosed anyway to pay off the debt alleged to be owed.

26. It was only after the May 19, 2014, foreclosure that Plaintiffs discovered the misrepresentation and deception of Defendant BOA and the unfair and unconscionable manner in which Defendant BOA had collected this debt.

27. Defendant BOA's actions in foreclosing on May 19, 2014, after representing it would not, constitutes one of the most unfair and deceptive types of collection conduct one can imagine.

28. Defendant BOA knew that by its conduct described in this Complaint that the natural consequence – the desired consequence – would be that Plaintiffs would be harassed, oppressed, and abused by the foreclosure and taking of Plaintiffs' home.

29. The debt being collected is a consumer debt as defined by the FDCPA.

30. Plaintiff is a "consumer" as defined by the FDCPA.

31. Defendant BOA is a "debt collector" as defined by the FDCPA as when it allegedly received the supposed debt owed by Plaintiff, the alleged debt was in default and the collecting of defaulted debt is a major part of the business of Defendant BOA.

32. The conduct of the Defendant BOA has proximately caused Plaintiffs past and future monetary loss, past and future damage to Plaintiffs' credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

33. All actions taken by employees, agents, servants, or representatives of any type for the Defendant BOA were taken in the line and scope of such individuals' employment, agency or representation.

34. At no time has Defendant BOA told or implied to Plaintiff that any conduct by any agent or employee of Defendant BOA was outside the line and scope of such employment or agency.

35. At no time during or after the loan modification process or the foreclosure, has Defendant BOA directly or indirectly, expressly or implicitly, apologized to the Plaintiffs for the conduct described in this Complaint, which demonstrates that the conduct described was not accidental or unintentional but instead was intentional.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692d

36. Section 1692d states, "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

37. Defendant BOA violated Section 1692d by collecting this debt as alleged in this Amended Complaint in paragraphs 5-7 and 12-36.

38. The conduct of the Defendant BOA has proximately caused Plaintiffs past and future monetary loss, past and future damage to Plaintiffs' credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT II.

## VIOLATIONS OF THE FAIR DEBT COLLECTIONPRACTICES ACT
## 15 U.S.C. § 1692e

39. Section 1692e states, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section."

40. Defendant BOA violated Section 1692e by collecting this debt as alleged in this Amended Complaint in paragraphs 5-7 and 12-36.

41. The conduct of the Defendant BOA has proximately caused Plaintiffs past and future monetary loss, past and future damage to Plaintiffs' credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT III.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(2)

42. Section 1692e(2) states, "The false representation of the character, amount, or legal status of any debt;"

43. Defendant BOA violated Section 1692e(2) by collecting this debt as alleged in this Amended Complaint in paragraphs 5-7 and 12-36.

44. The conduct of the Defendant BOA has proximately caused Plaintiffs past and future monetary loss, past and future damage to Plaintiffs' credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT IV.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(10)

45. Section 1692e(10) states, "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

46. Defendant BOA violated Section 1692e(10) by collecting this debt as alleged in this Amended Complaint in paragraphs 5-7 and 12-36.

47. The conduct of the Defendant BOA has proximately caused Plaintiffs past and future monetary loss, past and future damage to Plaintiffs' credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT V.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f

48. Section 1692f states, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

49. Defendant BOA violated Section 1692f by collecting this debt as alleged in this Amended Complaint in paragraphs 5-7 and 12-36.

50. The conduct of the Defendant BOA has proximately caused Plaintiffs past and future monetary loss, past and future damage to Plaintiffs' credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that judgment be entered against Defendant for all damages allowable (including statutory, actual, and compensatory, costs, expenses, attorney fees, and for such other and further relief as may be just and proper.

Respectfully Submitted,

_____
John G. Watts (ASB-5819-t82j)
M. Stan Herring (ASB-1074-n72m)
**Watts & Herring, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiffs**

PLAINTIFFS DEMAND A TRIAL BY JURY IN THIS CAUSE.

_____
Attorney for Plaintiffs

Please serve Defendant at the following address:

Bank of America, National Association
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36109