FILED

2015 Dec-07  AM 09:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| ROBERT A. PILAND, JR. and TERRY L. PILAND, | ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | No. 5:15-CV-0819-CLS |
| vs. | ) ) | |
| BANK OF AMERICA, N.A., | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Robert and Terry Piland, commenced this action on May 18, 2015, asserting five claims against defendant, Bank of America, National Association ("Bank of America"), for violations of the Fair Debt Collection Practices Act ("the Act"), 15 U.S.C. § 1692 *et seq*.[1]  The case presently is before court on defendant's motion for judgment on the pleadings.[2]  Upon consideration of the motion, plaintiffs' response,[3] and defendant's reply,[4] the court concludes the motion should be denied.

Federal Rule of Civil Procedure 12(c) provides that:  "After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the

---

[1] *See* doc. no. 1 (Complaint).

[2] Doc. no. 17.

[3] Doc. no. 19.

[4] Doc. no. 21.

pleadings."  Fed. R. Civ. P. 12(c).

> "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Andrx Pharm., Inc. v. Elan Corp.*, 421 F.3d 1227, 1232-33 (11th Cir. 2005). [A court must] accept all the facts in the complaint as true and view them in the light most favorable to the nonmoving party. *Cannon*[ *v. City of West Palm Beach*], 250 F.3d [1299,] 1301[ (11th Cir. 2001)].

*Cunningham v. District Attorney's Office for Escambia County*, 592 F.3d 1237, 1255 (11th Cir. 2010) (alterations supplied).  "Dismissal is not appropriate unless the complaint lacks sufficient factual matter to state a facially plausible claim for relief that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct."  *Jiles v. United Parcel Service, Inc*., 413 F. App'x 173, 174 (11th Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).

While the applicable pleading standard does not require "detailed factual allegations," *Twombly*, 550 U.S. at 550, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).  As the Supreme Court stated in *Iqbal*:

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  [*Twombly*, 550 U.S., at 555].  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id*., at 557.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id*., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.,* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*., at 557 (brackets omitted).

Two working principles underlie our decision in *Twombly*. *First*, the tenet that a court must accept as true all of the allegations contained in a complaint is *inapplicable to legal conclusions*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*., at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Second*, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*., at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "show[n]" — "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.

While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.*

*Iqbal*, 556 U.S. at 678-79 (emphasis supplied) (first alteration supplied, second alteration in original).

## I. ALLEGATIONS OF PLAINTIFFS' COMPLAINT

Plaintiffs Robert and Terry Piland, a married couple, obtained a mortgage on their home that eventually came to be serviced by defendant Bank of America.[5] After plaintiffs defaulted on the mortgage, defendant contacted plaintiffs, identifying itself as a debt collector "and its communications with Plaintiffs as 'attempts to collect' the mortgage debt."[6] Plaintiffs attempted on multiple occasions during 2013 and 2014 to modify their mortgage in order to address their loss of income, but defendant "repeatedly lost, misplaced, or claimed to need the identical documents from Plaintiffs," and the mortgage never was modified.[7]

Defendant scheduled a foreclosure on plaintiffs' home for May 19, 2014.[8] Plaintiffs continued to attempt to modify the mortgage, so they "specifically asked [defendant] in April (on at least one occasion) if the foreclosure sale of May 19, 2014,

---

[5] Doc. no. 1 (Complaint) ¶ 12.

[6] *Id.* ¶¶ 13, 15.

[7] *Id.* ¶¶ 16-17.

[8] *Id.* ¶ 18.

would occur . . . ."[9]  Defendant told plaintiffs that the foreclosure would not take

place on May 19, 2014.[10]  In reliance upon that representation, plaintiffs chose not

to take "other steps to prevent a foreclosure, such as filing bankruptcy."[11]  Despite

defendant's representation that the foreclosure would not occur, defendant foreclosed

on the home on May 19, 2014.[12]

As a result of defendant's actions, plaintiffs have suffered "past and future

monetary loss, past and future damage to Plaintiffs' credit and credit worthiness, past

and future mental distress and emotional anguish, and other damages . . . ."[13]  To

remedy those losses, plaintiffs assert violations of 15 U.S.C. §§ 1692d,[14] 1692e,

1692e(2), 1692e(10),[15] and 1692f.[16]

---

[9] Id. ¶ 19.

[10] Id. ¶ 20.

[11] Doc. no. 1 (Complaint) ¶¶ 23-24.

[12] Id. ¶ 25.

[13] Id. ¶ 32.

[14] That statute provides, in pertinent part, that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d (alteration supplied).

[15] Even though §§ 1692e(2) and 1692e(10) are subsections of § 1692e, plaintiffs asserted the violations of those subsections as separate causes of action. The pertinent provisions read:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . . .
>
> (2) The false representation of –

## II. DISCUSSION

Defendant argues that all of plaintiffs' claims are barred by the statute of

limitations.  It is undisputed that the foreclosure occurred on May 19, 2014, that this

case was filed on May 18, 2015, and that the statute of limitations for Fair Debt

Collection Practices Act claims is one year.  15 U.S.C. § 1692k(d) ("An action to

enforce any liability created by this subchapter may be brought in any appropriate

United States district court without regard to the amount in controversy, or in any

other court of competent jurisdiction, *within one year from the date on which the*

*violation occurs*.") (emphasis supplied).  The only disputed question is when the

claim accrued, thus triggering the one-year limitations period.

Defendant asserts that all of plaintiffs' claims accrued during April of 2014,

when defendant allegedly represented to plaintiffs that it would not foreclose on their

---

> (A) the character, amount, or legal status of any debt; or
>
> (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
>
> . . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(2), (10).

[16] That statute provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f (alteration supplied).

property.   According to defendant, there is no "discovery rule" for Fair Debt

Collection Practices Act claims that would allow the statute of limitations to be tolled

until plaintiffs learned of the violation of the Act.   Thus, even though plaintiffs may

not have *discovered* defendant's allegedly false and fraudulent misrepresentation and

violation of the Act until the May 19, 2014 foreclosure actually occurred, defendant

asserts that the accrual date for statute of limitations purposes is sometime during

April of 2014, when the misrepresentation allegedly was made.

The issue of whether a "discovery rule" should apply to Fair Debt Collection

Practices Act cases has not been directly addressed by the Eleventh Circuit, and this

court need not resolve that question before ruling on defendant's motion.   It is clear

from a review of plaintiffs' complaint that they are not alleging that they *discovered*

defendant's violations on May 19, 2014, the date of foreclosure.   Instead, they are

alleging that the violations did not *occur* until that date.   In other words, plaintiffs'

claims are not based upon the simple fact that defendant stated in April 2014 that a

foreclosure would not occur; they are based upon the fact that the foreclosure *actually*

*did occur*, despite defendant's representation that it would not.[17]   As such, plaintiffs'

claims did not accrue until May 19, 2014, and their complaint in this case, which was

---

[17] *See* doc. no. 1 (Complaint) ¶ 27 ("Defendant BOA's actions in foreclosing on May 19, 2014, after representing it would not, constitutes one of the most unfair and deceptive types of collection conduct one can imagine.").

filed on May 18, 2015, is not barred by the statute of limitations.

## IV. CONCLUSION AND ORDER

In accordance with the foregoing, defendant's motion for judgment on the pleadings is DENIED.

DONE this 7th day of December, 2015.

_____
United States District Judge